(115 So. 128)

No. 28854.

ADAMS et al. v. NEW ORLEANS, T. & M. RY. CO.

Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

Courts ⟲⟹224(3)—Action for pain and suffering by persons killed by train, and for loss of companionship, held within appellate jurisdiction of Court of Appeal (Const. 1921, art. 7, §§ 10, 29).

   Under Const. 1921, art. 7, §§ 10, 29, an action for damages for physical pain and mental anguish suffered by persons killed by train for loss of companionship and association and for damages to automobile in same accident, falls within appellate jurisdiction of Court of Appeal to which case will be transferred by Supreme Court.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Action by Mrs. Rosa Elizabeth Adams and others against the New Orleans, Texas & Mexico Railway Company. On motion to transfer case to the Court of Appeal, First circuit after appeal from district court. Case transferred.

Edwin F. Gayle, of Lake Charles, for appellants.

Powell & Le Compte, of De Ridder, and George Janvier, of New Orleans, for appellee.

THOMPSON, J. This is a suit for damages on behalf of the major children and minor grandchildren of Henry W. Ford and Mary E. Ford, who were killed by a train of the defendant company in the town of De Quincy in April, 1925.

The damages claimed are for physical pain and mental anguish suffered by the two deceased, occasioned by the accident, and for the loss of the companionship and association of plaintiffs' parents and grandparents.

The demand also includes $400 for a Ford car which was totally destroyed in the same accident.

Section 10 of article 7, Constitution of 1921, excepts from the appellate jurisdiction of the Supreme Court all suits for damages for physical injuries to, or for the death of, a person, or for other damages sustained by such person or his heirs or legal representatives arising out of the same circumstances.

And section 29 of article 7 of the Constitution of 1921 vests in the Court of Appeal appellate jurisdiction in all civil and probate cases of which the civil district court of the parish of Orleans and the district courts throughout the state have exclusive original jurisdiction, regardless of the amount involved, and of which the Supreme Court is not given jurisdiction.

The case, as presented by the pleadings and evidence, clearly falls within the appellate jurisdiction of the Court of Appeal, and the appeal should have gone to that court and not to the Supreme Court.

It is therefore ordered that the case be transferred to the Court of Appeal, First circuit, parish of Calcasieu, and that appellants pay the costs occasioned by the appeal to this court.